EASTERN DIST.
*June,* 1836.

REGUILLO'S
HEIRS
*vs.*
LORENTE.

In synallagma-
tic contracts, the
refusal of either
party to comply,
liberates the
other.

---

## REGUILLO'S HEIRS *vs.* LORENTE.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE EIGHTH PRESIDING.

The assignment and transfer of an instrument of writing, containing a conditional promise by the maker of it to convey a tract of land, on being paid the difference between four hundred dollars and the price for which it was purchased, is valid, without any price being expressed on the face of it.

Such an instrument is evidence of a sum of four hundred dollars having been received, coupled with a conditional obligation to convey a tract of land.

The plaintiffs sue as the heirs and legal representatives of one Policarpio Reguillo, to recover an instrument or obligation in writing, executed by one John Swift, for the consideration of four hundred dollars, the receipt of which is acknowledged, in which he binds himself to convey to said Policarpio Reguillo a tract of land, containing fourteen superficial acres, and which is assigned to the defendant.

EASTERN DIST.
June, 1836.

REGUILLO'S
HEIRS
vs.
LORENTE.

The defendant pleads a general denial and several other matters ; and then avers that for a valuable and legal consideration, the said instrument was transferred and assigned to her.   This instrument of writing is in the following words :

"Received of Policarpio Reguillo, four hundred dollars. I have bought at the probate sale of A. C. Duncan, this day, a certain tract of land in the parish of East Baton Rouge, about fourteen acres, for a sum . between four and five hundred dollars, which I promise to transfer to Mr. Policarpio Reguillo, when and how he may desire, on condition that he pay to me any balance that may (if any) be due on it after the above four hundred dollars, which is the condition.

"JOHN SWIFT.
"Bayou Sara, 22d March, 1832."
[ASSIGNMENT.]

"Mr. John Swift : Having assigned over to Manuela Maria Lorente all my right, title and interest to the within, you are hereby requested to make the within named transfer to the said M. M. Lorente.

"POLICARPIO REGUILLO.
"Baton Rouge, 2d August, 1832."

This instrument was annexed to the defendant's answer, and claimed in virtue of the assignment.   The plaintiffs' counsel objected to its introduction in evidence, on the ground that the assignment was a mere nullity, and could confer no title, there being no price or consideration for the transfer expressed on the face of it.   The court overruled the objection, and the plaintiffs took a bill of exception.

The cause was submitted to a jury, who returned a verdict for the defendant ; and from judgment rendered thereon, the plaintiffs appealed.

*R.* and *N. A. Ogden,* for the plaintiffs and appellants.

*Morgan,* contra.

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs, as heirs of Policarpio and Margarite Reguillo, represent themselves as owners, by inheritance from their said ancestors, of a tract of land of fourteen superficial arpents, by virtue of a sale from John Swift. They complain that the defendant has obtained possession of the original act of sale or conveyance from Swift, and refuses to surrender it to them; and they pray that she may be condemned to restore to them the original act aforesaid, or to pay damages.

EASTERN DIST.
June, 1836.

REGUILLO'S
HEIRS
vs.
LORENTE.

The defendant alleges, that Policarpio Reguillo transferred to her the written obligation of John Swift to convey the tract of land, and that the same is her property.

The document under private signature in contest, executed by John Swift, purports to be a receipt of four hundred dollars from Policarpio Reguillo, and goes on to recite that he, Swift, had purchased, at a probate sale, a tract of land of fourteen superficial arpents, for a sum of between four and five hundred dollars, which he promises to transfer to Reguillo, when and how he may desire, on condition that he pay to Swift any balance which may be due over and above the four hundred dollars.

On the back of the paper is an assignment, proved to have been executed by Reguillo to the defendant, and requesting Swift to make the transfer to her.

Judgment having been rendered in favor of the defendant on this evidence, the plaintiffs appealed.

Our attention has been called to a bill of exceptions in the record, to the admission of evidence of the assignment. It was objected to on the ground that said endorsement was a mere nullity, and could transfer no title to the defendant, there being no price or consideration for the assignment expressed on the face of it.

We think the court did not err. The assignment does not purport to be a sale, but a transfer of a conditional promise to convey a tract of land, on paying the difference between four hundred dollars and the price for which Swift had bought it at the probate sale. The instrument is evidence of a sum of four hundred dollars due by Swift to Reguillo,

The assignment and transfer of an instrument of writing, containing a conditional promise by the maker of it, to convey a tract of land on being paid the difference between four hundred dollars and the price for which it was purchased, is valid without any price being expressed on the face of it.

Such an instrument is evidence of a sum of four hundred dollars having been received, coupled with a condition obligation to convey a tract of land.

4

EASTERN DIST.
June, 1836.

coupled with the conditional obligation to convey the land. The evidence does not show that either party has a legal title to the land, as it is not proved that the condition has been complied with, either by the plaintiffs or by the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.